1
2
3
4
5
6
7

8                  UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAMAR McQUEEN,                        No.  2:15-cv-1450 JAM KJN P

12                   Plaintiff,

13          v.                             ORDER

14   EDMUND BROWN, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C.

22   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18   1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

26   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

27   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

28   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2

1    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

3    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

4    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5           Plaintiff alleges that she is a transgender female who has been taking hormone therapy

6    since June 2, 2011.  Plaintiff alleges that she experiences severe gender dysphoria and has

7    attempted suicide numerous times as a result of this condition.  Plaintiff alleges that defendants

8    have denied her request for sex reassignment surgery ("SRS") in violation of the Eighth

9    Amendment.  As relief, plaintiff seeks an order directing defendants to provide her with SRS.

10          Attached to the complaint as an exhibit is a Director's Level Decision addressing

11   plaintiff's administrative grievance requesting SRS.  The decision, dated June 3, 2015, states that

12   plaintiff's request for SRS will be reviewed by the Institutional Utilization Management

13   Committee ("IUMC") within sixty working days.  If the IUMC determines that SRS may be

14   appropriate for plaintiff, the case will be sent to the Headquarters Utilization Management

15   Committee ("HUMC") for review.

16          The Director's Level Decision indicates that plaintiff's request for SRS has not been

17   denied.  Rather, plaintiff's request for SRS is still under review.  For this reason, plaintiff has not

18   stated a potentially colorable Eighth Amendment claim for relief based on the denial of SRS.

19   Plaintiff's complaint is dismissed with thirty days to file an amended complaint.  If plaintiff's

20   request for SRS is denied during that time, she may file an amended complaint.  If plaintiff's

21   request for SRS is not denied, and her case is sent to the HUMC for review, plaintiff's claim for

22   relief will still be premature.  In other words, plaintiff may have a potentially colorable Eighth

23   Amendment claim when and if her request for SRS is denied.

24   ////

25   ////

26   ////

27   ////

28   ////

3

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

2    about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.

3    Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

4    named defendant is involved. Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

5    some affirmative link or connection between a defendant's actions and the claimed deprivation.

6    Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

7    (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

8    rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

9    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

10   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

11   complaint be complete in itself without reference to any prior pleading.  This requirement exists

12   because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

13   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

14   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

15   original complaint, each claim and the involvement of each defendant must be sufficiently

16   alleged.

17   In accordance with the above, IT IS HEREBY ORDERED that:

18   1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22   Director of the California Department of Corrections and Rehabilitation filed concurrently

23   herewith.

24   3.  Plaintiff's complaint is dismissed.

25   4.  Within thirty days from the date of this order, plaintiff shall complete the attached

26   Notice of Amendment and submit the following documents to the court:

27   a.  The completed Notice of Amendment; and

28   b.  An original and one copy of the Amended Complaint.

4

1   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

2   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

3   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

4   Failure to file an amended complaint in accordance with this order may result in the dismissal of

5   this action.

6   Dated:  July 21, 2015

7

8   _____
    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

9

10
    Mc1450.14

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAMAR McQUEEN,                              No.  2:  15-cv-1450 KJN P

12              Plaintiff,

13        v.                                     NOTICE OF AMENDMENT

14   EDMUND BROWN, et al.,

15              Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19        _____          Amended Complaint
     DATED:
20

21                                              _____

22                                              Plaintiff

23

24

25

26

27

28